TROUTMAN SANDERS LLP
Chad Fuller, Bar No. 190830
chad.fuller@troutman.com
Virginia Bell Flynn, Bar (*pro hac vice*)
virginia.flynn@troutman.com
11682 El Camino Real Suite 400
San Diego, CA 92130-2092
Telephone: 858-509-6000
Facsimile: 858-509-6040

Attorneys for Defendant
Ocwen Loan Servicing, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

| | |
|---|---|
| Paul Garcia,<br><br>    Plaintiff,<br><br>v.<br><br>Ocwen Loan Servicing, LLC,<br><br>    Defendant. | Case No. 2:17-cv-03514-R-SK<br><br>**STIPULATION AND PROTECTIVE ORDER** |

## **STIPULATED PROTECTIVE ORDER**

It is hereby stipulated and agreed by, between and among plaintiff Paul Garcia, ("Plaintiff"), in Case No. 2:17-cv-03514-R-SK ("the Action") and his Counsel, on the one hand, and Ocwen Loan Servicing, LLC ("Defendant") and Defendant's Counsel, on the other hand (collectively, "parties") that all documents produced and information disclosed in these actions shall be governed in accordance with this Stipulation of Confidentiality (the "Stipulation"). The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected

from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

WHEREAS, the documents to be produced by the parties may contain confidential information that justifies protection under Fed. R. Civ. P. 26(c); and

NOW, THEREFORE, the parties hereto, as of the 1st day of March, 2018, hereby stipulate and agree that the following terms and conditions shall govern the treatment of all documents produced and information disclosed in the Action (including any appeals):

1. All documents, testimony, interrogatory responses and other information disclosed in this Action by the parties to this action (collectively, "Discovery Information"), shall be handled in accordance with this Stipulation.

2. For the purpose of this Stipulation, Discovery Information designated as "Confidential" means any information, documents, or part thereof which Counsel is producing (or any deposition testimony) that the disclosing party believes in good faith to contain or reflect trade secrets, proprietary information, confidential business and financial information (including, but not limited to operating manuals and guidelines, policies and procedures, documents, logs and notes created in anticipation of litigation, and similar internal documents, along with logs, notes, and identifying information relating to residential mortgage loans and financial information belonging to third-parties), or protected of the Plaintiff. The scope of this Stipulation shall also be understood to encompass not only those items or things that are expressly designated as "Confidential" but may include any information derived therefrom, and all copies, excerpts, and summaries of the information, as well as deposition testimony derived from such information.

3. Any Discovery Information produced in this action may be designated "Confidential" by stamping each page of the document with such designation or by

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

separate written notification that the Discovery Information, or portions thereof, is "Confidential" within thirty (30) days after production of same. All Discovery Information produced shall be treated as if designated "Confidential" during the initial thirty (30) day period following production.

4. Any Discovery Information designated "Confidential" shall be treated in a strictly confidential manner and shall be disclosed only pursuant to the terms of this Stipulation. In addition, any Discovery Information designated "Confidential" shall be used only for the purposes of the Action and for no other purpose whatsoever, and shall not be disclosed to anyone except in accordance with the terms of this Stipulation.

5. In the event that a party wishes to use any Discovery Information designated "Confidential" in or as an exhibit to any affidavit, brief, memorandum of law, deposition transcript or other paper filed with the Court in the Action, the document shall be filed as set forth in Local Rule 79-5. For the avoidance of doubt, the parties agree to treat Discovery Information designated by another as "Confidential" pursuant to this Stipulation in the same manner as "information previously designated by another pursuant to a protective order" as that term is used in Local Rule 79-5(b). Pursuant to the meet and confer process contemplated in Local Rule 79-5(b), the disclosing party may request that the specific information which is protected shall be redacted or may agree that when filing any "Confidential" document containing protected medical information, the filing party may instead redact all identifying information (e.g., name, contact information, birth date and social security number) and replace the individual's name with their initials. The party that designated the material as Confidential shall provide any proposed redactions within two (2) days of receiving notice that the party seeking to introduce the information intends to file Confidential or Highly Confidential information with the Court. Once the designating party has either provided redactions or notified the party seeking to introduce the information that the entire

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 3 -

STIPULATION AND PROTECTIVE ORDER
CASE NO. 2:17-CV-03514-R-SK

document is confidential, the meet and confer provisions of Civil Local Rule 79-5 shall be deemed satisfied by the parties. The Filing Party, as defined in Civil Local Rules, may then file the Application pursuant to subsection (a), with the supporting declaration limited to identifying the material previously designated as confidential, the Designating Party, and the efforts made to resolve the issue. The Designating Party then must file the declaration required by Civil Local Rule 79-5.2.2(b)(ii). The party seeking to introduce the Confidential information agrees not to oppose the entry of an Order sealing such information. The party that designated the information as Confidential shall be solely responsible for making the arguments to the Court as set forth in Civil Local Rule 79-5 as to why such information is entitled to be sealed. In the event that the Court denies a motion to seal filed pursuant to this Stipulation, the parties stipulate that such denial shall constitute a determination that the information shall not be entitled to treatment as Confidential Discovery Information pursuant to this Stipulation. The procedures set forth herein are subject to the decisions of the Ninth Circuit Court of Appeals and the Local Rules of the Central District of California.

6. Each person to whom any Discovery Information designated "Confidential" is to be disclosed pursuant to Paragraph 8 hereof shall be provided with a copy of this Stipulation prior to such disclosure.

7. Discovery Information designated "Confidential" shall be provided only to the receiving party's counsel (including counsel's staff). Such Discovery Information may then be disclosed by the receiving party's counsel to "Qualified Recipients" as defined in Paragraph 8 hereof, subject to the restrictions contained in this Stipulation.

8. The following are "Qualified Recipients" of Discovery Information designated "Confidential":

    (a) the Plaintiff, and in the case of the Defendant, this includes any employees, agents, counsel, attorneys and other representatives of

Ocwen, who are assisting in the Action;

(b) counsel for the named parties to this action (including counsel's staff);

(c) any independent experts or litigation consultants retained by the named parties to assist in this action; and

(d) the Court, Court personnel and court reporters.

No person having access to any "Confidential" Discovery Information shall disclose in any manner its contents to any person other than to those persons specifically identified in Paragraphs 8(a) through 8(d) above, and no such disclosure shall be made for any purpose other than those specified in this Stipulation.

9. Any third party producing Discovery Information voluntarily or pursuant to a subpoena or a court order may designate such Discovery Information in the same manner and shall receive the same level of protection under this Stipulation as any party to this action. A third party's use of this Stipulation to protect its confidential information does not entitle that third party to gain access to "Confidential" Discovery Information produced by any party or other third party in this action.

10. In addition to the "Qualified Recipients" listed in Paragraph 8, if counsel of record determines that it is necessary to disclose "Confidential" Discovery Information to any other person in connection with this action, counsel wishing to make such disclosure shall obtain approval from the other party by giving written notice to the designating party specifically identifying the Discovery Information for which disclosure is sought and the name and affiliation of the person to whom the material is to be disclosed. If no agreement as to the propriety of disclosure is reached, the party wishing to make such disclosure shall serve a letter requesting a meet and confer on the dispute pursuant to Local Rule 37-1. Thereafter, the dispute shall be resolved in the manner contemplated under Local Rule 37.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 5 -

STIPULATION AND PROTECTIVE ORDER
CASE NO. 2:17-CV-03514-R-SK

11. No party concedes that any information designated by any other person as "Confidential" does in fact contain or reflect confidential information as defined herein. A party shall not be obliged to challenge the proprietary of the designation of information as confidential information at the time made, and failure to do so shall not preclude a subsequent challenge thereof whether during the pendency of the Action or afterwards. If, during the pendency of the Action, any party wishes to object to any such designations, the following procedure shall apply:

    (a) A party objecting to the designation of information as "Confidential" must so notify counsel for the disclosing party no later than 60 days after such document is produced or designated by the Disclosing Party;

    (b) Within fourteen (14) calendar days of receipt of such notice of objection, counsel for the disclosing party may respond in writing to any such notification by either: (i) withdrawing such designation; or (ii) stating that it refused to do so and the reasons for its refusal; and

    (c) If the objection cannot expeditiously and informally be resolved, the objecting party may apply pursuant to the procedures of Local Rule 37 for an appropriate ruling from the Court determining whether cause has been shown for removing any such designation. The designated information at issue shall continue to be treated as confidential information as designated until the Court orders otherwise.

12. Inadvertent failure to designate Discovery Information as "Confidential" at the time of production may be remedied by means of supplemental written notice and the provision of copies of properly stamped documents. Upon receipt of such notice, the Parties shall treat all documents, materials or testimony so designated pursuant to the terms of this Stipulation. If a party discloses or has disclosed "Confidential" Discovery Information to a non-party, the disclosing party shall, as soon as reasonably possible: (a) provide the

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 6 -

STIPULATION AND PROTECTIVE ORDER
CASE NO. 2:17-CV-03514-R-SK

producing party with written notice of the disclosure; (b) provide the non-party with written notice that the information disclosed was confidential; and (c) seek, and use its best efforts, to ensure the return or destruction of all "Confidential" Discovery Information that was disclosed to the non-party.

13. In the event that the designating party inadvertently fails to stamp or otherwise designate Discovery Information as "Confidential" at the time of its disclosure, the designating party shall not be deemed to have waived its right to designate the Discovery Information as "Confidential." Any inadvertent or unintentional disclosure shall not preclude the producing party from later designating such information as "Confidential," provided that it shall not be considered a violation of this Stipulation to disclose such undesignated Discovery Information any time prior to the producing party's designation of such information as "Confidential."

14. The parties agree that pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product protection shall not waive the protection or the privilege for either that document or for the subject matter of that document. Any party that receives such materials shall, upon written request or upon learning that such materials are subject to a claim of privilege, immediately return such materials and all copies therefore to the party that produced them, or have them destroyed at that party's option.

15. The completion of discovery in the Action shall not relieve a party from its obligations under this Stipulation. The Court shall retain jurisdiction after such completion for the purposes of any application to modify or enforce the provisions of this Stipulation.

16. Subject to the Court's rules and procedures, this Stipulation shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the Discovery Information designated "Confidential" which is

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

STIPULATION AND PROTECTIVE ORDER
CASE NO. 2:17-CV-03514-R-SK

subject to this Stipulation. To the extent any party seeks to keep and maintain the confidentiality of such material at trial, such party may, in advance of trial, apply to the Court for such treatment along with a showing of good cause. No party shall argue, question, or imply in any way, before a jury or other trier of fact, that the designation of any material as "Confidential" under this Stipulation is improper or suspicious or that any adverse inferences may be drawn from such designation. Nothing in this Stipulation shall be construed to affect the evidentiary admissibility or inadmissibility of any Discovery Information designated "Confidential."

17. At the conclusion of the Action (including any appeal), all Discovery Information designated "Confidential," as well as any copies, excerpts or summaries thereof (other than its own confidential information), shall be returned to the producing or disclosing party. Counsel of record for any party receiving Discovery Information designated "Confidential" shall certify within 30 days of the conclusion of the Action to counsel for the producing or disclosing party that the provisions of this paragraph have been complied with. The provisions of this Stipulation shall not terminate with the disposition of this action.

18. If a party in possession of Discovery Information designated "Confidential" is served with a subpoena, demand or request for production of such information from a court, administrative, legislative or other governmental body, or from any other person purporting to have authority to subpoena, demand or request such information, the recipient shall give immediate written notice of the subpoena, demand, or request (including the delivery of a copy thereof) to the attorneys for the producing or disclosing party. In the event that a subpoena, demand or request purports to require production of such Discovery Information on less than ten (10) days notice, the party to whom the subpoena, demand or request is directed shall give prompt telephonic notice of the receipt of such subpoena, demand or request, and transmit a copy thereof by e-mail, telecopier or for next-day delivery, to the attorneys for the producing or disclosing party.

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

- 8 -

STIPULATION AND PROTECTIVE ORDER
CASE NO. 2:17-CV-03514-R-SK

19. The parties declare that they fully understand the terms and conditions of this Stipulation. The parties acknowledge that they understand the Stipulation and have, of their own free will, without coercion, agreed to the terms hereof. The parties further acknowledge that this Stipulation is a joint product and shall not be construed for or against any party on the ground of sole authorship.

20. This is the whole agreement between the parties in effect in this case, and merges all prior discussions and negotiations between them. The parties acknowledge that they are not relying on any promises or oral or written statements or representations other than those in this Stipulation.

21. This Stipulation may be modified by a writing signed by the parties. Nothing in this Stipulation is intended to modify any pre-existing Stipulation previously entered into by any party or third party.

22. If any provision or term of this Stipulation should be determined to be or rendered invalid or unenforceable, all other provisions and terms of this Stipulation and the application thereof to all parties and circumstances subject thereto shall remain unaffected to the extent permitted by law.

23. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same agreement. The parties agree to be bound by this Stipulation pending its entry by the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 2, 2018            **TROUTMAN SANDERS LLP**

By: */s/ Chad R. Fuller*
   Chad R. Fuller
   Virginia Bell Flynn (*pro hac vice*)
   *Attorneys for Defendant*
   OCWEN LOAN SERVICING, LLC

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092

| | |
|---|---|
| Dated: March 2, 2018 | **HYDE & SWIGART APC** |
| | By: */s/ Emily C. Beecham* |
| | Joshua B. Swigart |
| | Emily C. Beecham |
| | *Attorneys for Plaintiff* |
| | PAUL GARCIA |

**IT IS SO ORDERED** this 6th day of March, 2018.

By: _____
Hon. Manuel L. Real
United States District Court Judge

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL
SUITE 400
SAN DIEGO, CA 92130-2092